UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HANS MORALES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00171-KES-CDB (PC)<br><br>**ORDER GRANTING PLAINTIFF 90 DAYS TO IDENTIFY DEFENDANT JOHN DOES** |

Plaintiff David Hans Morales is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

**I.　INTRODUCTION**

On July 31, 2024, the Court issued its Order Adopting Findings and Recommendations. (Doc. 18.) Specifically, the Court ordered that this action proceeds on Plaintiff's Eighth Amendment failure to protect claims, as asserted in the first amended complaint, against the following individuals:

　　　　a.　John Doe, Warden

　　　　b.　John Doe, Facility B Captain

　　　　c.　John Doe, Facility B Lieutenant

　　　　d.　John Doe, Facility B Sergeant

　　　　e.　John Doe, Facility C Captain

1          f.    John Doe, Facility C Lieutenant

2          g.    John Doe, Facility C Sergeant

3          h.    Correctional Officer Phillips

4          i.    Correctional Officer Rodriguez

5          j.    Correctional Officer Hernandez

6          k.    O. Onyehe, and

7          l.    Ifeoma Oghuehi

(*See* Doc. 18.) As indicated above, Plaintiff has named seven Doe Defendants.

## II. DISCUSSION

The seven John Doe defendants, all employed at Pleasant Valley State Prison (PVSP), are presently unknown to Plaintiff.  Plaintiff alleges these John Doe defendants failed to protect him in violation of his Eighth Amendment rights.

Plaintiff is advised the United States Marshal Service cannot serve Doe defendants. Therefore, the Court will not require service on these defendants at this time. Plaintiff will be required to identify the seven John Doe defendants—specifically, John Doe Warden; John Doe Facility B Captain; John Doe Facility B Lieutenant; John Doe Facility B Sergeant; John Doe Facility C Captain, John Doe Facility C Lieutenant, and John Doe Facility C Sergeant— with enough information to locate those defendants for service of process. Plaintiff will be given the "opportunity through discovery to identify the unknown (Doe) defendants." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation and citation omitted).

Plaintiff is advised he is not required to seek the identities of the seven Doe defendants by way of limited discovery if he is able to identify those individuals by other informal means. In the event Plaintiff is now able to identify the seven John Doe defendants by actual name, he may submit a notice of substitution, providing the actual name for each Doe defendant, asking the Court to substitute the individual's name for the previous Doe defendant designation. If, however, Plaintiff is unable to submit a notice of substitution at this time, limited discovery appears warranted.

1      The Ninth Circuit has held that where identity is unknown prior to the filing of a
2 complaint, the plaintiff should be given an opportunity through discovery to identify the unknown
3 defendants unless it is clear that discovery would not uncover the identities, or that the complaint
4 would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.
5 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, it is not clear that
6 discovery would not uncover the identity of the seven Doe defendants, nor it is clear that
7 Plaintiff's first amended complaint would be dismissed on other grounds. Thus, Plaintiff should
8 be afforded an opportunity to discover the identities of the seven Doe defendants through limited
9 discovery.
10     Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas. The Court's
11 authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to
12 limitations. Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P.
13 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is
14 not taken lightly by the court. *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414,
15 *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include consideration of the
16 relevance of the information sought, as well as the burden and expense to the non-party in
17 providing the requested information. *See* Fed. R. Civ. P. 26, 45.
18     A motion for issuance of a subpoena duces tecum should be supported by clear
19 identification of the documents sought and a showing that the records are obtainable only through
20 the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010
21 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS
22 (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were
23 not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to
24 comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991).
25 Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors.
26 *Id*.
27 //
28 //

### III.     CONCLUSION AND ORDER

Accordingly, the Court **GRANTS Plaintiff ninety (90) days** in which to file a notice of substitution if he is presently able to identify the seven John Doe defendants, and/or to discover the names of the seven John Doe defendants, through subpoena or otherwise, and to substitute these defendants' actual names by filing a notice of substitution following limited discovery. *See Wakefield*, 177 F.3d at 1163. If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual names of the seven John Doe defendants, the Court will recommend dismissal, without prejudice, of those individuals.

IT IS SO ORDERED.

Dated:   **August 1, 2024**

UNITED STATES MAGISTRATE JUDGE

4