UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HANS MORALES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-00171-KES-CDB (PC)<br><br>**ORDER REGARDING PLAINTIFF'S NOTICE OF SUBSTITUTION**<br><br>(Doc. 20) |

Plaintiff David Hans Morales is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

**I.    RELEVANT BACKGROUND**

On July 31, 2024, the Court issued its Order Adopting Findings and Recommendations. (Doc. 18.) Specifically, the Court ordered that this action proceed on Plaintiff's Eighth Amendment failure to protect claims, as asserted in the first amended complaint, against the following individuals employed at Pleasant Valley State Prison:

　　　　a.   John Doe, Warden

　　　　b.   John Doe, Facility B Captain

　　　　c.   John Doe, Facility B Lieutenant

　　　　d.   John Doe, Facility B Sergeant

　　　　e.   John Doe, Facility C Captain

   f. John Doe, Facility C Lieutenant

   g. John Doe, Facility C Sergeant

   h. Correctional Officer Phillips

   i. Correctional Officer Rodriguez

   j. Correctional Officer Hernandez

   k. O. Onyehe, and

   l. Ifeoma Oghuehi

(*See* Doc. 18.)

  On August 1, 2024, the Court issued its Order Granting Plaintiff 90 Days To Identify Defendant John Does. (Doc. 19.)

  On October 7, 2024, Plaintiff filed a document titled "Notice of Substitution, that Identifies the Identities of the seven Doe Defendants by Name." (Doc. 20.)

## II. DISCUSSION

### *The Court's August 1, 2024, Order*

  The Court's order identified seven Doe Defendants referenced in Plaintiff's first amended complaint. (Doc. 19 at 1-2.) Plaintiff was "advised that the United States Marshal cannot serve Doe defendants" and that Plaintiff would "be required to identify the seven John Doe defendants …." (*Id*. at 2.) Plaintiff was further advised that he was "not required to seek the identities of the seven Doe defendants by way of limited discovery if he is able to identify those individuals by other informal means." (*Id*.) The Court indicated that assuming Plaintiff was able to "identify the seven John Doe defendants by actual name, he may submit a notice of substitution, providing the actual name for each Doe defendant, asking the Court to substitute the individual's name for the previous Doe defendant designation." (*Id*.) Additionally, Plaintiff was provided with information concerning the Court's procedures for issuing Rule 45 subpoenas. (*Id*. at 3.) Finally, Plaintiff was granted 90 days within which to "file a notice of substitution if he is presently able to identify the seven John Doe defendants, and/or to discover the names of the seven John Doe defendants, through subpoena or otherwise, and to substitute these defendants' actual names by filing a notice of substitution …." (*Id*. at 4.)

2

***Plaintiff's Notice Filed October 7, 2024***

Plaintiff's notice identifies and seeks to substitute the following individuals in place of the Doe Defendants:

    a. Substitute Ron Godwin in place of "John Doe, Warden."

    b. Substitute R. Kuhn in place of "John Doe, Facility B Captain."

    c. Substitute D. A. Davis, Marquess III, M. Solis, A. A. Salas, J. Rios, J. A. Teater, N. Greene, E. A. Molina, and I. Rios in place of "John Doe, Facility B Lieutenant."

    d. Substitute J. M. Elizalde, C. V. Kerber, J. Montano, D. Cardenas, C. A. Caldera, J. C. Black, Melendez Jr., and R. Ledesma, in place of "John Doe, Facility B Sergeant."

    e. Substitute Fogal in place of "John Doe, Facility C Captain."

    f. Substitute E. A. Molina, L. D. Ybarra, T. D. Verbeek, A. R. Desfosses, J. L. Martin, and J. Rios, in place of "John Doe, Facility C Lieutenant."

    g. Substitute J. M. Elizalde, C. V. Kerber, T. J. Ramos, N. Greene Jr., and A. M. Davidson, in place of "John Doe, Facility C Sergeant."

(*See* Doc. 20 at 2-4.) Plaintiff states he obtained these individuals' names "through a 'Request to Inspect Public Records (CDCR 1432)['] … requesting the names of Doe defendants Second and Third Watch and their positions of 11/19/2020, 11/21/2020, 11/30/2020, 12/3/2020 and 12/10/2020." (*Id*. at 4-5.) Plaintiff contends "Second and Third Watch Doe defendants" on those dates "played a major role" in approving or disapproving "all inmates moved in and out of their facilities and housing units at the institution." (*Id*. at 5.) Plaintiff submits he has provided "enough information (names, positions, dates, and place of employment) to identify the identities of the John Doe defendant(s) that the Court has Ordered" be identified. (*Id*. at 5-6.) If the Court requires additional information to effect service of process, Plaintiff asks he be advised of same and be permitted to conduct additional limited discovery according to Rules 34 and 45 of the Federal Rules of Civil Procedure. (*Id*. at 6.) Plaintiff attaches two exhibits, encompassing approximately 51 pages. (*Id*. at 8-59.) The Court notes the majority of Exhibit A is illegible as the copies are too

3

dark to be read (*see id*. at 8-54); however, the last page of Exhibit A (*id*. at 55) identifies Ron Godwin as the Acting Warden at Pleasant Valley State Prison in November 2020, Kuhn as Facility B Captain in 2020, and Fogal as Facility Captain in 2020. Exhibit B includes a copy of Plaintiff's completed and signed CDCR 1432 Request to Inspect Public Records form (*id*. at 57-58) and a completed CDCR 193 Trust Account Withdrawal Order form (*id*. at 59).

***Plaintiff's First Amended Complaint Filed February 24, 2023***

The Court has again reviewed Plaintiff's first amended complaint. Although Plaintiff refers to the Doe defendants in the singular for their position (*i.e*., "As the Facility B Captain, Lieutenant, Sergeant …" [Doc. 13 at 7] and "[inmates] were authorized to be moved to Facility B3 by Warden, Facility C Captain, Lieutenant, Sergeant …" [*id*.]) and makes no mention of a particular watch worked by any Doe defendant, liberally construed and affording Plaintiff the benefit of doubt, the Court interprets the first amended complaint to make reference to any unknown Doe defendant working either of the watches/shifts on the relevant dates (11/19/2020, 11/21/2020, 11/30/2020, 12/3/2020, 12/10/2020) identified by Plaintiff. (*See* Doc. 13 at 6-8.)

*Analysis*

Federal Rule of Civil Procedure 15(c), Relation Back of Amendments, provides:

> (1) When an Amendment Relates Back. An amendment to the pleading relates back to the date of the original pleading when:
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity.

Although Plaintiff did not submit a proposed amended complaint identifying the defendants by name within the pleading as contemplated in Rule 15(c) and Local Rule 220, the August 1, 2024, Order Granting Plaintiff 90 Days To Identify Defendant John Does did not require him to do so. (*See* Doc. 19.)

4

As noted above and liberally construed, a review of the first amended complaint shows Plaintiff identifies the defendant John Does, with sufficient facts concerning their involvement in the claims alleged. (Doc. 13.) Thus, the filing of a second amended complaint to merely substitute the names of the John Doe defendants is unnecessary.

Accordingly, the first amended complaint will remain the operative complaint in this action and the Court will substitute the following individuals for the seven Doe defendants:

    a. Ron Godwin in place of "John Doe, Warden."

    b. R. Kuhn in place of "John Doe, Facility B Captain."

    c. Facility B Lieutenants:

        i. D. A. Davis (11/19/2020, 2nd watch; 11/21/2020, 2nd watch)

        ii. Marquess III (11/19/2020, 3rd watch)

        iii. M. Solis (11/21/2020, 3rd watch)

        iv. A. A. Salas (11/30/2020, 2nd watch)

        v. J. Rios (11/30/2020, 3rd watch)

        vi. J. A. Teater (12/3/2020, 2nd watch)

        vii. N. Greene (12/3/2020, 3rd watch)

        viii. E. A. Molina (12/10/2020, 2nd watch)

        ix. I. Rios (12/10/2020, 3rd watch).

    d. Facility B Sergeants:

        i. J. M. Elizalde (11/19/2020, 2nd watch)

        ii. C. V. Kerber (11/19/2020, 3rd watch)

        iii. J. Montano (11/21/2020, 2nd & 3rd watch)

        iv. D. Cardenas (11/30/2020, 3rd watch)

        v. C. A. Caldera (12/3/2020, 2nd watch)

        vi. J. C. Black (12/3/2020, 3rd watch)

        vii. Melendez Jr. (12/10/2020, 2nd watch)

        viii. R. Ledesma (12/10/2020, 3rd watch).

    e. Fogal in place of "John Doe, Facility C Captain."

        f.  Facility C Lieutenants:

            i.  E. A. Molina (11/19/2020, 2nd watch; 11/21/2020, 3rd watch; 12/3/2020, 2nd watch; 12/10/2020, 2nd watch)

            ii.  L. D. Ybarra (11/19/2020, 3rd watch)

            iii.  T. D. Verbeek (11/21/2020, 2nd watch)

            iv.  A. R. Desfosses (11/30/2020, 2nd watch)

            v.  J. L. Martin (11/30/2020, 3rd watch; 12/10/2020, 3rd watch)

            vi.  J. Rios (12/3/2020, 3rd watch).

        g.  Facility C Sergeants:

            i.  J. M. Elizalde (11/19/2020, 2nd watch)

            ii.  C. V. Kerber (11/19/2020, 3rd watch; 11/21/2020, 3rd watch)

            iii.  T. J. Ramos (11/21/2020, 2nd watch)

            iv.  N. Greene Jr. (11/30/2020, 2nd watch)

            v.  A. M. Davidson (11/30/2020, 3rd watch)

            vi.  E. A. Molina (12/3/2020, 2nd watch; 12/10/2020, 2nd watch)

            vii. J. Rios (12/3/2020, 3rd watch)

            viii. J. L. Martin (12/3/2020, 3rd watch)

*See, e.g.*, *Edwards v. California Department of Corrections and Rehabilitation*, No. 1:23-cv-01180-NODJ-SKO, 2024 WL 774952, at *2 (E.D. Cal. Feb. 26, 2024); *Cantu v. Doe 1*, No. 1:20-cv-00386-HBK, 2021 WL 2822531, at *1-2 (E.D. Cal. July 7, 2021); *Altheide v. Williams*, No. 2:17-cv-02821JCM-BNW, 2020 WL 42462 *1 (D. Nev. Jan. 3, 2020) (similarly treating previously filed complaint as the operative complaint but substituting named-defendants for the John Doe Defendants).

### III.   CONCLUSION AND ORDER

Accordingly, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to substitute John Doe defendants (Doc. 20) is **GRANTED;**
2. The Clerk of the Court is **DIRECTED** to:
   a. Substitute Ron Godwin in place of "Warden of Pleasant Valley State Prison."

b. Substitute R. Kuhn in place of "Facility B Captain at Pleasant Valley State Prison."

c. Substitute Fogal in place of "C Facility Captain."

d. Substitute the following individuals in place of "B Facility Lieutenant:"[1]

　　i. D. A. Davis

　　ii. Marquess III

　　iii. M. Solis

　　iv. A. A. Salas

　　v. J. Rios

　　vi. J. A. Teater

　　vii. N. Greene

　　viii. E. A. Molina

　　ix. I. Rios.

e. Substitute the following individuals in place of "B Facility Sergeant:"

　　i. J. M. Elizalde

　　ii. C. V. Kerber

　　iii. J. Montano

　　iv. D. Cardenas

　　v. C. A. Caldera

　　vi. J. C. Black

　　vii. Melendez Jr.

　　viii. R. Ledesma.

f. Substitute the following individuals in place of "C Facility Lieutenant:"

　　i. L. D. Ybarra

　　ii. T. D. Verbeek

　　iii. A. R. Desfosses

---

[1] To the extent the same individual's name appears subsequently for a different facility within the institution and/or on a different date, it has been omitted here *only* for purposes of avoiding duplication on the Court's docket.

          iv. J. L. Martin.

     g. Substitute the following individuals in place of "C Facility Sergeant:"

          i. T. J. Ramos

          ii. A. M. Davidson.

3. Limited discovery is now closed. The Court will issue a separate order regarding service of process of the foregoing individuals in due course.

IT IS SO ORDERED.

Dated: __December 30, 2024__     _____
                                          UNITED STATES MAGISTRATE JUDGE