UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HANS MORALES,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | Case No. 1:22-cv-00171-KES-CDB (PC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT I. RIOS SHOULD NOT BE DISMISSED FROM THIS ACTION FOR PLAINTIFF'S FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>**30-DAY DEADLINE** |

Plaintiff David Hans Morales is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

**I.    INTRODUCTION**

On January 3, 2025, the Court issued its Order Finding Service Appropriate. (Doc. 23.) Specifically, the Court ordered service, in relevant part, of "**I. Rios**, allegedly employed as a Facility B Lieutenant at PVSP on December 10, 2020." (*Id*. at 2, emphasis in original.)

On February 12, 2025, the California Department of Corrections and Rehabilitation (CDCR) filed a notice of intent not to waive service of I. Rios, indicating: "Cannot Identify."

On February 27, 2025, the United States Marshal filed its USM-285 form indicating that service could not be effected on "I. Rios" at "PVSP." (Doc. 31.) The Marshal contacted the litigation coordinator at Pleasant Valley State Prison for "any new info found to help identify I.

1  Rios" and was advised by PVSP that it does not employ an "I. Rios" and no further information
2  was available. (*Id.*)

3  **II.    DISCUSSION**

4  Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

9  Fed. R. Civ. P. 4(m).

10  In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause . . . ." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quotation and citation omitted), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *See Walker*, 14 F.3d at 1421-22.

Here, the United States Marshal cannot effect service where the CDCR is unable to identify an "I. Rios" as an employee at Pleasant Valley State Prison in December of 2020. Thus, Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and Plaintiff's complaint on Defendant I. Rios. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the United States Marshal with the necessary information to locate this individual, Defendant I. Rios shall be dismissed from this action, without prejudice,

2

1 pursuant to Rule 4 of the Federal Rules of Civil Procedure. It is Plaintiff's obligation to provide
2 the United States Marshal with accurate and sufficient information to effect service of process. *Id*.
3       Notably, following review of the docket and pleadings filed in this action, the Court raises
4 a potential issue for Plaintiff's consideration. Plaintiff has conducted limited discovery to obtain
5 the identities of several individuals, previously identified as Doe Defendants, concerning his
6 claims in this action. In addition to I. Rios being identified following that limited discovery, a "J.
7 Rios" was also identified by Plaintiff. (*See* Doc. 20 at 3 & Doc. 22 at 3, 5.) The Court's service
8 order directed service be effected on "**J. Rios**, allegedly employed at PVSP as a Facility B
9 Lieutenant on November 30, 2020, as a Facility C Lieutenant on December 3, 2020, and as a
10 Facility C Sergeant on December 3, 2020." (Doc. 23 at 2, emphasis in original.)[1] Given the
11 similarity of names—I. Rios and J. Rios—as well as the overlap in time and location—December
12 2020 in Facility B—the Court will direct Plaintiff to review his available documentation to
13 confirm there are two different individuals with the surname Rios that he intended to name as
14 defendants in this action. Stated another way, the Court perceives that I. Rios and J. Rios could be
15 the same individual. It also is possible the Court misread Plaintiff's handwritten submission of
16 December 20, 2024, mistaking an intended "J." for an "I." If so, in response to this order, Plaintiff
17 should notify the Court in writing that he did not intend to file suit against an "I. Rios" and wishes
18 to voluntarily dismiss any claims against "I. Rios."
19       Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause
20 why Defendant I. Rios should not be dismissed from the action. Plaintiff may respond to this
21 order by providing additional information that will assist the United States Marshal in locating
22 Defendant I. Rios for service of process. Alternatively, Plaintiff may inform the Court in writing
23 that he wishes to voluntarily dismiss "I. Rios" from this action.
24     **III.**    **CONCLUSION AND ORDER**
25       Based on the foregoing, **IT IS HEREBY ORDERED** that:
26     1. **Within 30 days** from the date of service of this order, Plaintiff shall show cause why

---

[1] The CDCR filed a notice of intent to waive service for J. Rios on February 12, 2025, noting "Jesus Rios" is currently assigned to "ASP" or Avenal State Prison.

3

Defendant I. Rios should not be dismissed from this action. Plaintiff may do so by providing additional information concerning Defendant I. Rios's current location; and

2. **The failure to respond to this order or the failure to show cause will result in the recommendation of dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **April 3, 2025**   _____
UNITED STATES MAGISTRATE JUDGE