UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HANS MORALES,<br><br>              Plaintiff,<br><br>       v.<br><br>KATHLEEN ALLISON, et al.,<br><br>              Defendants. | Case No. 1:22-cv-00171-KES-CDB (PC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT HERNANDEZ SHOULD NOT BE DISMISSED FROM THIS ACTION FOR PLAINTIFF'S FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>**30-DAY DEADLINE** |

Plaintiff David Hans Morales is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

**I.     INTRODUCTION**

On March 14, 2025, the Court issued its Second Order Finding Service Appropriate. (Doc. 34.) Specifically, the Court ordered service, in relevant part, of "**Mr. Hernandez**, allegedly employed as a correctional officer, Facility B, Building 3 – Tower/Observation, at PVSP [] in October and November 2020." (*Id.* at 2, emphasis in original.)

On April 7, 2025, the California Department of Corrections and Rehabilitation (CDCR) filed a notice of intent not to waive service regarding Mr. Hernandez, indicating: "Unable to identify – Need more information."

On April 18, 2025, the United States Marshal filed its USM-285 form indicating that service could not be effected on "Mr. Hernandez" at "PVSP." (Doc. 42.) The Marshal contacted the litigation coordinator at Pleasant Valley State Prison "to see if any new info found to identify Hernandez based on provided info." (*Id.*) The litigation coordinator advised "there are two Mr. Hernandez's" but they could not "identify the correct Mr. Hernandez based on info provided" and more information was needed. (*Id.*)

## II.  DISCUSSION

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the United States Marshal cannot effect service where the CDCR is unable to identify which "Mr. Hernandez," referred to in the operative complaint, was employed at Pleasant Valley State Prison in October or November 2020. Thus, Plaintiff has failed to provide the

2

Marshal with accurate and sufficient information to effect service of the summons and Plaintiff's complaint on Defendant Hernandez. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the United States Marshal with the necessary information to identify this individual, Defendant Hernandez shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure. It is Plaintiff's obligation to provide the United States Marshal with accurate and sufficient information to effect service of process. *Id*.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Hernandez should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the United States Marshal in identifying Defendant Hernandez for service of process.[1] Alternatively, Plaintiff may inform the Court in writing that he wishes to voluntarily dismiss "Mr. Hernandez" from this action.

### III.    CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. **Within 30 days** from the date of service of this order, Plaintiff shall show cause why Defendant Hernandez should not be dismissed from this action. Plaintiff may do so by providing additional information necessary to identify Defendant Hernandez; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:  **April 21, 2025**                   _____
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff may provide additional identifying information, including, but not limited to, first initial, badge number, physical description (approximate age, height and weight; eye and hair color; any other helpful physical descriptor), or any other information that may facilitate an identification.