UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID HANS MORALES,

Plaintiff,

v.

KATHLEEN ALLISON, et al.,

Defendants.

Case No. 1:22-cv-00171-KES-CDB (PC)

**ORDER STAYING DISCOVERY**

Plaintiff David Hans Morales is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. This action proceeds on Plaintiff's Eighth Amendment failure to protect claims against answering Defendants Kuhn, Davis, Marquez III, Solis, Salas, Teater, Greene Jr., Molina, Elizalde III, Kerber, Montano, Cardenas, Caldera, Black, Melendez, Fogal, Ybarra, Verbeek, Desfosses, Martin, Ramos, Davidson, Godwin, Rios, Ledesma, Phillips, Rodriguez, Onyeje, Ogbuehi, and Hernandez.

## I.    BACKGROUND

The Court issued its Discovery and Scheduling Order on June 2, 2025. (Doc. 52.)

On October 2, 2025, Defendants filed their Motion for Summary Judgment, alleging all Defendants except Ogbuehi are entitled to summary judgment because Plaintiff did not exhaust his administrative remedies prior to filing suit. (Doc. 58.) Defendants also seek a stay of discovery pending resolution of the motion. (Doc. 58-1 at 19.)

On January 20, 2026, following an extension of time, Plaintiff timely filed his opposition to Defendants' summary judgment motion. (Doc. 61.)[1] Plaintiff also seeks a stay of discovery. (*Id*. at 1, 29.)

## II.    DISCUSSION

The parties seek a stay of discovery pending the Court's determination of Defendants' summary judgment motion concerning exhaustion. (*See* Docs. 58-1 at 19 & 61 at 29.)

District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co*., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

In considering a stay of proceedings, a court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

As noted above, all parties seek a stay of discovery pending the outcome of Defendants' pending summary judgment motion concerning exhaustion. Therefore, there is little to no risk of possible damage that might result from granting a stay. Although discovery has commenced, a stay of these proceedings will merely suspend the remaining discovery deadlines until a determination of the pending summary judgment regarding exhaustion is issued. If the motion is

---

[1] The Court recognizes Defendants' reply to Plaintiff's opposition is due on or before February 3, 2026.

2

denied, the Court will issue an amended discovery order with new deadlines. If the motion is granted, the action would proceed at least against Defendant Ogbuehi and the remaining deadlines would be reset.[2] In that way, no party is disadvantaged by the requested stay. Next, considering the hardship or inequity which a party might suffer in being required to go forward, the undersigned finds the parties would suffer such hardship by being required to participate in discovery to meet the deadlines previously imposed before Defendants' pending motion is decided. Finally, the Court finds the orderly course of justice favors a stay because resolution of Defendants' pending summary judgment motion concerning exhaustion has the potential to result in a dismissal of numerous named Defendants from this action. In any event, a stay would not complicate the issues, proof, or questions of law and may in fact narrow the issues. *CMAX, Inc.*, 300 F.2d at 268.

Further, the parties' requested stay of discovery is limited to the period it will take for the Court to issue a final ruling on Defendants' pending motion. Thus, it is neither indefinite nor especially long. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67; *Yong*, 208 F.3d at 1119.

At present, the deadline for the completion of discovery is February 2, 2026, and the deadline for filing dispositive motions is April 13, 2026. The Court finds good cause to stay further discovery pending resolution of the pending summary judgment motion. *Jones*, 520 U.S. at 706; *Hunt*, 672 F.3d at 616.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1.   Discovery is **STAYED** pending final resolution of Defendants' summary judgment motion; and

2.   The Court will reset the relevant deadlines in due course.

IT IS SO ORDERED.

Dated:    **January 21, 2026**

UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants argue all are entitled to summary judgment "except Nurse Practitioner Ogbuehi." (Doc. 58-1 at 6.)